PETE GENTA, RESPONDENT, v. MICHAEL ROSS, ADMR., APPELLANT.—
37 S. W. (2d) 969.

Kansas City Court of Appeals. Opinion filed March 2 1931.

674

*Watson, Gage, Ess, Groner & Barnett* and *Conger R. Smith* for respondent.

*Harris & Koontz* for appellant.

ARNOLD, J.—This is an action seeking to recover damages for personal injuries, originally instituted against W. A. Ross. Upon his death it was revived and Michael Ross, an administrator of his estate, was substituted as party defendant. The trial resulted in a verdict and judgment for plaintiff in the sum of $3500. After unavailing motions for a new trial and arrest of judgment, defendant duly appealed.

Plaintiff's petition charges negligence, as follows: (1) Failure to furnish a reasonably safe place in which to work, in that a large rock was permitted to be and remain for a long time in a loose condition upon a large pile of rocks where it was liable to fall at any time to a lower level about which plaintiff had been directed to work; (2) negligently failing to give plaintiff any warning of the position of said large rock; (3) failure to make reasonable inspection of said rock pile when the same would have disclosed the unstable situation of said large rock; (4) in negligently directing plaintiff to work in a position of danger immediately below said rock when defendant knew, or by the exercise of ordinary care could have known that said rock was in an insecure and unstable position on said pile of rock, and when defendant knew, or by the exercise of ordinary care might have known that said rock was apt to fall to lower levels in said quarry upon plaintiff in the position where he was working under the direction of defendant.

Defendant's answer contains a general denial, and for affirmative defense pleads contributory negligence and assumption of risk.

The record disclosed defendant had been engaged in the operation of a rock quarry at Swope Park in Kansas City, Missouri. The quarry consisted of a solid rock wall approximately ten feet high, with a facing of some two hundred feet. To loosen the rock, holes were drilled on top of the ledge, some six feet back from the face. A blast would then be set off. The shots resulted in breaking off

great parts of the ledge. Thus a considerable quantity of stones, of various sizes, was thrown out onto the floor of the quarry. These stones would extend back and upwardly from the floor to the ledge from which the blast was fired. Defendant's employees would later break these rocks into sizes suitable for paving or construction work.

On October 27, 1926, plaintiff was employed as a rock breaker. He was injured the next day by a large rock falling or sliding from a pile adjacent to the place where he was working. The size of this rock was estimated at from four to six feet long, three to four feet wide, six inches thick and weighing between four hundred and five hundred pounds. It appears in evidence that on the day previous to his employment a shot had been fired throwing up the pile in question. Plaintiff testified no one had warned him of the danger in working about said pile. There was also evidence tending to prove that plaintiff had been directed to work at the particular location where he was injured; that, although defendant's superintendent, a Mr. Bard, was in and about the quarry and had more than a reasonable time for inspection, no attempt had been made by him to ascertain if any large rocks were insecure upon the piles, or in a dangerous position, near where plaintiff was then employed; that it was the duty of said superintendent, as well as of the foreman upon the job (a Mr. Hunley), to make such inspections, which neither of them made; that it was the practice for some of the other employees of defendant to use an air drill upon the piles in order to break the stones, too large for the men to work upon, into convenient size for handling by plaintiff and others; that such use of air drills loosened the stones upon the pile by the vibration and the dragging thereover of hose attached to said drills. Other portions of the record will be referred to in the course of this opinion.

Appellant first urges as a general assignment of error, that no negligence on the part of the defendant was shown, and further that plaintiff's own testimony established that he was guilty of contributory negligence as a matter of law. In his brief appellant states his contention as follows:

"Defendant's evidence tended to show that plaintiff was an experienced rock breaker, was familiar with the character of work which he was doing which involved the taking of large pieces of rock from the pile up against the ledge, breaking them into smaller rocks and depositing them in a pile away from the ledge, and then continuing in the same manner in breaking rocks which he himself removed from the pile and that in moving the rock which he broke up, he undermined the top of the pile causing the stone by which he was injured to slide down and injure him."

While there is evidence in the record tending to support defendant's contention, yet, under the testimony as disclosed by the entire record,

this position is not sustained. In speaking of a similar situation in Hoffman v. Peerless White Lime Co., 296 S. W. 764, 773, the Supreme Court said:

". . . ordinary care required of the defendant master the making of a reasonable inspection of the quarry bluff in order to discover the existence of loose rocks, whether loosened by the blasting operations or by weathering or other causes, and the removal of such rocks in order that injury to his employees might be averted. Under such circumstances, it cannot be said that plaintiff assumed the risk of injury from the falling rocks. . . . Nor can we say that the evidence herein conclusively shows that plaintiff was guilty of contributory negligence as a matter of law. It is well settled in this state that, unless the danger occasioned by the master's negligence is so glaring and obvious to the servant as to threaten immediate injury, the servant cannot be held to be guilty of contributory negligence as a matter of law." [See also Jewell v. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703; Littig v. Heating Co., 292 Mo. 226, 237 S. W. 779; Edmondson v. Hotel Statler Co., 306 Mo. 216, 267 S. W. 612.]

It is also well settled in this state that it is a continuing duty of a master at all times to use ordinary care to furnish his servant with a reasonably safe place in which to work, and where inspection from time to time is necessary for such purpose, ordinary care and diligence requires the master to make such inspection. [Hoffman v. Peerless White Lime Co., supra, l. c. 770, and authorities cited.]

Further, it is sufficient, in the establishment of plaintiff's case, if the facts and circumstances in evidence are of such a nature and so connected with and related to each other that the conclusion of causal connection therefrom may be fairly and logically inferred. Or, as the rule is sometimes stated, a person charged with negligence may be held liable for anything which, after the injury is complete, appears to have been a natural and probable result of his acts or omissions. [Holloway v. Barnes Grocer Co., 15 S. W. (2d) 917; Dakan v. Chase & Son Mer. Co., 197 Mo. 238, 94 S. W. 944; Combs v. Standard Oil Co., 296 S. W. 817.]

We have carefully examined the record herein. Our conclusion is that plaintiff's evidence does not authorize us to declare that he was guilty of contributory negligence as a matter of law, and that the testimony offered on his behalf, though perhaps not entirely satisfactory to our minds, if believed, is sufficient to support the verdict rendered. Accordingly, under the rules announced by the authorities supra, we hold the instructions offered in the nature of a demurrer to the evidence were properly overruled, both at the close of plaintiff's testimony and at the close of all the evidence.

The next assignment is that the court erred in refusing defendant's instruction B, reading as follows:

"The court instructs the jury that if you find and believe from the evidence that the witness, Bard, was the superintendent in charge of defendant's quarry and that the witness, Hunley, was the foreman at defendant's quarry, under the supervision of the witness, Bard, and if you further find and believe from the evidence that there was no other person in authority at said quarry at the time said plaintiff was injured, and if you further find that all of the other employees there were under the direction and supervision of said Bard and Hundley and had no control or supervision over each other and that they were so associated and related in their work that they could observe each other's conduct and could report any delinquencies of each other to a common power or head, then if you find and believe from the evidence that the plaintiff's injuries, if any, were caused by the negligence of any person other than said Bard or Hunley, your verdict must be for the defendant."

The refusal of this instruction was not reversible error. It entirely fails to submit to the jury the question as to whether or not the negligence of the defendant combined with that of a fellow servant in causing plaintiff's injuries. If the negligence of the master in failing to provide a reasonably safe place to work combines with negligence of a fellow servant, the master is liable and the fellow-servant rule has no application. [Farley v. Lehrack, 272 S. W. 987; Young v. Iron Co., 103 Mo. 324; State ex rel. Greer v. Cox, 274 S. W. 373.] In any event the instruction, as offered, would tend to confuse rather than to enlighten the jury upon the issues presented in plaintiff's main instruction. We rule against appellant on this point.

It is urged plaintiff's main instruction, No. 1, is erroneous. In it the jury were told:

". . . if you shall find that one of said rock piles became and was dangerous or unsafe by reason of one or more of the rocks in said pile being or becoming loose from said pile and resting in an insecure position on said rock pile where it was apt to fall and injure defendant's employees working near, or around the base or bottom of said rock pile, and if you shall further find that plaintiff was on said 28th day of October, 1926, an employee of defendant and working as a rock breaker near and around the base of said rock pile, and that plaintiff was not at said time and had not prior thereto been pulling rocks from, or disturbing rocks in said rock pile, and that while so working near said rock pile aforesaid, a large rock fell from said rock pile to the floor of the quarry near where plaintiff was working, and struck and injured plaintiff, if you so find, on one of his legs, and if you further find that said injury was the direct result of the negligence, if any, of defendant, in permitting said large rock, if any, to be and remain in an insecure position on said rock pile, if so, and if you shall further find that defendant knew that said

rock pile was thereby dangerous and unsafe and contained said rock in said insecure position, if so, and if you further find that defendant knew that said rock was liable thereby to fall and injure plaintiff, or by the exercise of ordinary care that defendant could have known said facts in time thereafter by the exercise of ordinary care to have removed said rock, if you so find, and thereby have prevented injury to plaintiff, if so, then your verdict should be for the plaintiff, provided you further find that plaintiff was at the time, exercising ordinary care for his own safety.''

In this connection it is asserted that there is no evidence upon which to predicate instruction No. 1. The record will not admit such contention. What we have already said with reference to the propriety of the court's action in overruling the peremptory instruction in the nature of a demurrer to the evidence would seem to dispose of this contention. Moreover, we think defendant's position with reference to this instruction is without merit for the further reason that plaintiff is entitled to submit to the jury for its consideration all the facts and circumstances in evidence, and he is entitled to all reasonable conclusions to be drawn therefrom. [Jaquith v. Plumb Inc. (Mo. Sup.), 254 S. W. 89; Dockery v. Woodsmall, 11 S. W. (2d) 1057.]

Finally, appellant urges the court erred in permitting plaintiff's counsel to make reference to the deposition of defendant's foreman, Hunley, whom plaintiff called as his witness. From the record it appears this witness was unfriendly and (as the jury might well have concluded) inclined to prevaricate; at least discrepancies are shown between the testimony given at the times indicated. No authorities are called to our attention by appellant showing such examination was improper. We think such matters are largely within the discretion of the trial court and in this case such discretion is not shown to have been abused. The court's action would seem also to be authorized within the principles announced in Smith v. Fire Ins. Co., 6 S. W. (2d) 920, 928.

The cause was well tried, the finding of the jury is conclusive upon this court in the absence of error prejudicial to defendant. Finding no such error, the judgment is affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.