JOHN GAY, RESPONDENT, v. CHARLES SAMPLES ET AL., APPELLANTS.—57 S. W. (2d) 768.

Kansas City Court of Appeals. February 6, 1933.

*Franklin E. Reagan* for respondent.

*Clark, Boggs, Cave & Peterson* for appellant.

CAMPBELL, C.—Plaintiff brought this action for damages caused by an automobile owned and driven by Kenneth Summers coming in collision with a truck, the property of plaintiff. Upon trial plaintiff had a verdict and judgment in the sum of $300. The defendants have appealed.

The collision occurred on the Hallsville farm-to-market road in Boone County. The defendant Clifton Samples drove an automobile in an easterly direction upon that road, and at the same time the defendant Kenneth Summers also drove an automobile thereon in the same direction. The automobiles thus operated by said defendants travelled practically side by side at a speed of forty-five to fifty miles an hour for a distance of about one-half mile, when they overtook and passed a team and wagon travelling in the same direction. In passing the team and wagon the automobiles operated by said Summers and Samples swerved to the left and the automobile driven by Kenneth Summers was travelling upon the north portion of the highway and while occuping that position collides with plaintiff's truck. At this instant of time the automobile driven by Clifton Samples was upon the center or to the north of the center of the highway and had crowded the other automobile to the north side thereof.

It is not contended that the partnership firm of Samples & Elsea is not liable for the negligence, if any, of the defendant Clifton Samples proximately causing the damages, nor is it contended by either party that said partnership of Clifton Samples is liable in event the damages sued for were caused by the sole negligence of Kenneth Summers.

The defendants contend that verdict should have been directed in favor of the partnership and in favor of the defendant Clifton Samples. In support of this insistence it is argued that the automobile operated by the defendant Clifton Samples did not strike plaintiff's truck, and that the damages to the truck resulted solely from the act of the defendant Kenneth Summers. This insistence does not take into consideration the evidence favorable to plaintiff to the effect that Summers and Samples, for a distance of about one-half mile, was each driving an automobile at a high rate of speed and occupying practically the entire traveled portion of the highway, and that Samples, at or about the time he passed the team and wagon, saw the approaching truck and evidently knew that when he swerved to the left the Summers automobile, in order to avoid a collision with his automobile, would be crowded to the extreme north side of the highway; that at the instant of collision the automobile operated by Samples was at the side of the truck "cutting back" to the southeast. It is not necessary to determine whether or not Summers and Samples were racing within the technical meaning of that term. Suffice it

to say they were jointly engaged in committing a tort and were therefore jointly and severally liable for the damages resulting therefrom. [Shafir v. Sieben, 233 S. W. 419; Reynolds v. Metropolitan, 168 S. W. 221.] They did not have right to use the highway in a manner not consistent with its use by others. [Thompson v. Smith, 253 S. W. 1023.] "The party charged may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission." [Combs v. Standard Oil Co., 296 S. W. 817, 819.]

The damages to plaintiff's truck were the natural and probable consequence of the wrongful conduct of Samples and Summers. Clearly the case was for the jury, and the request for directed verdict was properly denied.

The defendants requested the court to instruct the jury as follows:

"The court instructs the jury that the accident between plaintiff's truck and the automobile of the defendant Kenneth Summers was not the result of the defendant Clifton Samples driving his automobile at a high, excessive and dangerous rate of speed."

The court refused the instruction and that ruling is assigned as error.

Defendants say that: "Plaintiff cannot recover unless it is shown that the collision would not have occurred except for the speed at which Samples was driving his car."

One of the specifications of negligence alleged in the petition was that "the defendants saw, or by the exercise of the highest degree of care could have seen plaintiff's automobile on said highway, and in imminent peril of being struck . . . in time for the defendants, thereafter, by the exercise of the highest degree of care, and with the means and appliances then at hand to have stopped said automobile, or slackened the speed thereof, or swerved the same, or given warning of their approach . . . but the defendants negligently and carelessly failed so to do."

The defendant Samples testified that he was driving his automobile "approximately forty or forty-five miles an hour. . . . Q. Did you know at that time that the Summers car was driving on the road near you? A. Yes, sir.

"Q. How long had Summers been driving near you, down that road? A. About half a mile.

"Q. Was he keeping up with you? A. Yes, sir. . . .

"Q. Is the road on a level there or upgrade or down grade, about where you met that Bink truck? A. It wasn't level, but it was level enough that I could see.

"Q. You were going east? Yes, sir.

"Q. The truck was going west? A. Yes, sir.

"Q. You were going down a small incline and he was coming up? A. Yes, sir; but I could see him."

There was evidence that when Samples passed the team and wagon he occupied a part of the north side of the highway, thus crowding the Summers car further to the north; that at the time of collision the Samples car was moving to the southeast and was at the side of the truck. Therefore, the court could not say, as a matter of law, that the collision would not have occurred except for the speed at which Samples was driving his car. The instruction does not take into consideration the evidence showing that Samples was actively participating in the wrongful conduct of Summers nor the fact that Samples and Summers were jointly engaged in committing a tort. Furthermore, the defendants obtained the following instruction:

"The court instructs the jury that before you can find for the plaintiff and against the defendants Samples and Elsea and Clifton Samples you must find and believe that the plaintiff has proven by the greater weight or preponderance of the evidence that the collision between plaintiff's truck and the automobile driven by Kenneth Summers was directly and proximately caused by Clifton Samples driving and operating his car at a high, dangerous and excessive rate of speed, and unless you so find that the plaintiff has so proven by the greater weight or preponderance of the evidence, then your verdict must be for the defendants Samples and Elsea and Clifton Samples."

This instruction submitted to the jury the question as to whether or not the rate of speed of the Samples' automobile directly caused the collision and was most favorable to the defendants. The point is ruled against the defendants.

The defendants say there is no evidence in the record to sustain a verdict for $300. There was evidence that before the collision the truck was of the value of from $350 to $400. One witness said that the truck, after the collision, was "not worth hardly anything." The plaintiff testified that "I know I could not get any offer on it that amounted to anything—for junk." Another witness testified that after the collision the truck was hauled into a nearby barn lot and there remained until time of the trial and that the truck was "tore all to pieces." This was sufficient to sustain the verdict. Moreover, there is no complaint in the motion for new trial that the verdict was excessive. The record is free of error prejudicial to defendants. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.