JOSEPH LAWRENCE *vs.* IRVING ABRAMS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued May 15th—decided June 10th, 1936.

*Raymond E. Baldwin,* with whom, on the brief. was *Julius Maretz,* for the appellant (defendant).

*John Keogh, Jr.,* with whom, on the brief, was *John Keogh,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action to recover damages resulting from a collision between an automobile which he was operating and one driven by the defendant.   The collision occurred upon the Milford Turnpike, which is a concrete road consisting of

four strips, each nine feet wide. The plaintiff offered evidence that the car driven by the defendant, in turning out sharply to pass a car ahead of it, while going at high speed, crossed the center line of the highway and ran into the former's car when it was well upon its own right side of the center line. The defendant, on the other hand, offered evidence that the plaintiff, turning to his left to pass a car ahead of him, drove well beyond the center line of the highway and ran into the defendant's car which was proceeding upon its own right side of the center. Whatever we might think as to the weight of testimony, it was for the jury to pass upon its credibility and determine which version of the accident it would accept as true. Testimony as to certain tire marks, offered by the defendant, which, if the jury believed it, would have gone far to support his claim, was disputed by other testimony which we cannot say the jury could not reasonably have accepted.

The jury awarded the plaintiff $15,000 damages. They might reasonably have found the plaintiff's special damages amounted to about $1000; that as a result of the accident one of his arms had to be amputated, and he underwent a second operation to remove chips of bone; that he suffered much pain and discomfort from the injury and these operations; that he had been earning $14 a week working in a fur factory and an additional $5 a week for work he did over the week-ends, and that the loss of his arm would prevent him hereafter from carrying on work of either kind. The trial court's memorandum of decision upon the motion to set the verdict aside refers to his appearance in court, stating that he is a large man of strong physique, and the jury might have inferred that he was unsuited to earn his living except by physical labor. He had a life expectancy of more than thirty-

two years. The trial court evidently thought the damages awarded were large, but it stated that it could find no basis upon which it could disturb the verdict; and we cannot hold that it erred in refusing to set the verdict aside.

The trial court gave the usual charge as to the way in which the jury should weigh the testimony of the witnesses, making no distinction between that of the parties and that of other witnesses; the claim of the defendant that it should have given special instructions as to the effect of the testimony of the parties comes too late, in view of his failure to request such instructions, or, indeed, in any way call the present claim to the attention of the trial court. This is also true as regards the defendant's claim, first made in arguing the motion to set the verdict aside, that the trial court should have instructed the jury in regard to the failure of the parties to call certain witnesses, a matter discussed in the argument of the case, but without objection being made to the court or any suggestion that in view of that argument, the court charge the jury as to the matter. The refusal of the trial court to open the case during the arguments to enable the defendant to offer evidence tending to discredit the testimony of the plaintiff by showing a certain contradictory statement by him at another hearing, was a ruling well within the court's discretion. The instruction to the jury as to the application of the mortality tables was correct in adopting thirty-three years as the age of the plaintiff, for he testified at the trial that he was thirty-four, and the trial was more than a year after the accident.

There is no error.

In this opinion the other judges concurred.