PAUL J. LUKOVITS *v.* ABRAHAM E. PALMER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 3—decided January 18, 1940.

*Edward Mascolo,* for the appellant (plaintiff).

*M. J. Blumenfeld,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff brought this action to recover damages from a collision of automobiles and the defendant filed a counterclaim seeking damages for personal injuries suffered by him by reason of the accident.   The jury returned a verdict for the defendant upon the complaint and for the plaintiff upon the counterclaim and the plaintiff has appealed from a judgment entered upon that verdict.

In the course of the trial the defendant, on cross-examination of plaintiff's witnesses, brought out the fact that the plaintiff and one of his witnesses had, after the accident, been visited by a man acting in behalf of the defendant and had given him written statements concerning it; and he called upon the witnesses to identify their signatures to certain papers purporting to be such statements and to identify the man who had taken them, who was present in court at that time and throughout the trial.   The defendant, however, did not place this man on the witness stand. The plaintiff contends that under these circumstances, even in the absence of a request, the trial court should have instructed the jury that the failure to call this man as a witness would permit the inference that his evidence would be unfavorable to the defendant.   Assuming that the situation was one where the failure of the defendant to call the witness would permit such an

inference, the situation falls peculiarly within the rule that error will not be found by reason of the failure of the trial court to give instructions as to a special feature of the case in the absence of a request to do so. *Lawrence* v. *Abrams,* 121 Conn. 480, 482, 185 Atl. 414; *Bourk* v. *Holmberg,* 123 Conn. 682, 194 Atl. 726; *Lawlor* v. *Connecticut Co.,* 121 Conn. 511, 512, 186 Atl. 491.

The taking of testimony in the trial ended about 4 o'clock in the afternoon. In the course of a discussion as to the length of time which should be allowed for argument, the plaintiff stated that he had not realized the case was going to end so abruptly and requested an opportunity to file a request to charge the next morning, but the trial court made no definite ruling as to the matter and the argument then proceeded until 5 o'clock. The next morning plaintiff's counsel stated that he would like to file an exception to the "ruling" refusing permission to file a request to charge after the arguments were started, and he now assigns error in "the failure of the trial court to permit the filing of that request." The plaintiff argues the matter in his brief as though the requests to charge which he wished to file were to be limited to the effect of the defendant's failure to call the witness above referred to, but no such limitation was suggested to the trial court and the permission sought was apparently to file general requests to charge. The rule requires that requests to charge shall be filed before the beginning of the argument, and that, if not so filed, failure to comply with them cannot be made a ground of error. Practice Book, § 156. One reason for that requirement is to give the trial judge an opportunity to give the requests consideration before entering upon his charge. The trial court states in the finding that had such requests been filed before the arguments were

begun it would have had an opportunity to give them consideration before the case was submitted to the jury the next morning, but that had extensive requests been filed that morning it would have necessitated either a cursory and unsatisfactory examination of them or the taking of a recess, with the consequent delay of court proceedings. If we could ever find error in the action of the trial court in insisting upon compliance with the rule, this is certainly not such a case. *Arnold* v. *Lane,* 71 Conn. 61, 62, 40 Atl. 921; *Urbansky* v. *Kutinsky,* 86 Conn. 22, 28, 84 Atl. 317.

The remaining claim of error presents a ruling on evidence. During the examination of the defendant, the plaintiff called the witness' attention to testimony which he had given that since the accident he was solely dependent for support for himself and family upon his son, and then asked if he was not getting money from an accident insurance policy, to which he answered that he was. The plaintiff then asked how much money he received each week by reason of that policy, and upon objection this question was excluded. In his brief the plaintiff presents this ruling as though he had claimed the testimony as affecting the general credit of the witness, by way of contradiction of his testimony that he was dependent solely for support upon his son. The original claim for the admission of the testimony and the gist of the long argument he made was that it was admissible as tending to show that the defendant had exaggerated his testimony as to the extent of his injury and as bearing upon the reasonable necessity of various steps he had taken in his claimed efforts to obtain recovery from the accident. While it is true that in the course of his argument the plaintiff did call attention to the previous testimony that the defendant was solely dependent upon his son for support, buried as that statement was in his argu-

ment and linked up as it was with his original claim, the trial court was justified in considering that the real purpose sought to be accomplished was the one he originally stated. As affecting the defendant's testimony as to the damages he claimed he had suffered, the ruling is of no consequence in view of the verdict for the plaintiff upon the counterclaim, and as affecting the general credit of the defendant any inference to be drawn from testimony of the nature suggested was so remote and insubstantial that it was well within the discretion of the trial court to make the ruling it did. *Hamilton* v. *Smith*, 74 Conn. 374, 380, 50 Atl. 884; *Shailer* v. *Bullock*, 78 Conn. 65, 70, 61 Atl. 65.

There is no error.

In this opinion the other judges concurred.