MARIE BRYANT *v.* DOROTHY J. SCRIBNER

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued May 7—decided June 17, 1948

*John Keogh, Jr.,* with whom, on the brief, was *George F. McKendry,* for the appellant (plaintiff).

*William Hanna,* with whom was *Nathan G. Sachs,* for the appellee (defendant).

PER CURIAM. In this action for damages for the alienation of the affections of the plaintiff's husband, the plaintiff has appealed from the judgment rendered upon a verdict in favor of the defendant. While the parties contested both the question of liability and of damages at the trial, the plaintiff made no attack on the verdict upon the ground that the evidence did not reasonably support it. Her only assignments of error upon this appeal relate to rulings by the court in admitting evidence over her objection.

Evidence admitted over the plaintiff's objection related to claimed indiscretions by her husband with the defendant's daughter. The only relevancy to the issue of liability which this evidence could have would be as the basis for an inference that the defendant would not be likely under these circumstances to seek to win the affections of the plaintiff's

husband. In view of the defendant's negative answer to the inquiry whether she knew of these claimed indiscretions, the allowance of the question could not amount to harmful error. Further, the defendant was permitted to lay in evidence the record of the conviction of the plaintiff's husband for rape, claimed to have been predicated upon his misconduct referred to above. It was an agreed fact that the plaintiff and her husband separated not later than November, 1943, and the conviction occurred in June, 1944. The record of conviction at most could have given rise to a remote and unsubstantial inference bearing upon whether the defendant had alienated the affections of the plaintiff's husband, an inference which the record does not show to have been suggested by either party at the trial. Its admission cannot be held to constitute reversible error.

By another ruling the defendant was allowed to testify as to the number of her children and their ages. These questions fell within the scope of permissible inquiries ordinarily asked when a witness is first called to the stand, to furnish a general background upon which the trier can judge the witness and to put the witness at ease. In the absence of any extraordinary situation indicating that they were materially prejudicial, the court's ruling was well within its discretion.

Aside from those referred to in the preceding paragraphs, the other rulings clearly were relevant only to the issue of damages. Since the verdict was rendered for the defendant and is not open to valid attack, the rulings affecting the amount of damages solely are immaterial. Conn. App. Proc. § 14, note 2; *Lukovits* v. *Palmer*, 126 Conn. 320, 324, 10 A. 2d 761.

There is no error.