ROSEMARY CARNEY, ADMINISTRATRIX (ESTATE OF WILLIAM CARNEY) *v.* MERLE W. DeWEES ET AL.

HELEN G. BESCHEL, ADMINISTRATRIX (ESTATE OF FREDERICK K. BESCHEL) *v.* MERLE W. DeWEES ET AL.

ROBERT CARANGELO *v.* MERLE W. DeWEES ET AL.

ROGER FRECHETTE *v.* MERLE W. DeWEES ET AL.

THOMAS DOLAN *v.* MERLE W. DeWEES ET AL.

RALPH O'CONNOR *v.* MERLE W. DeWEES ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 13—decided December 13, 1949.

*Joseph G. Shapiro* and *Milton H. Belinkie,* for the appellants (defendants).

*Edward L. Reynolds,* with whom were *Thomas R. FitzSimmons, Francis J. Moran, David M. Reilly* and, on the brief, *John J. Kinney, Jr.,* for the appellees (plaintiffs).

BROWN, J.   In each of these six cases, which were tried together, there was a verdict and judgment for the plaintiff, and it is agreed that the decision upon the appeal in the Carney case shall be determinative of each of the other five appeals.   The cases arose out of an accident in which the two plaintiffs' intestates and the four other plaintiffs, as they rode in the body of a dump truck owned by Valentino, were thrown out and injured, the two mortally.   The accident took place when the truck, after its driver had repeatedly overtaken and attempted to pass the defendants' sedan, the driver of which intentionally prevented the truck from passing, approached a highway intersection at high speed and overturned in attempting to round the corner.   Valentino and his son, who was driving the truck as his agent, and DeWees and his son, who was driving the sedan as his agent, were made joint defendants in the actions as originally brought.   During the course of the trial the plaintiffs made a settlement with the Valentinos, whereupon the actions as to them were withdrawn.   A suit in which the Valentinos only were defendants, brought by Harry Dinerstein and the occupants of his car, which was hit by the truck when it

turned over, was being tried with the other cases and was similarly withdrawn. Amended complaints were filed by the plaintiffs and the trial proceeded to a verdict and judgment in each case against the defendants DeWees only. The two plaintiffs' intestates and the four other plaintiffs will hereinafter be referred to as the plaintiffs. By their answer the defendants pleaded a general denial, contributory negligence, assumption of the risk and a joint adventure of the plaintiffs and the driver of the truck. The first claim of the defendants is that the court erred in denying their motion to set aside the verdict.

The jury could properly have found these facts: On the night of June 12, 1946, the plaintiffs, together with some nine other boys, were passengers standing in the body of the Valentino truck. It had a steel cab which inclosed the driver's seat and a steel dump body, surmounted on the sides with boards, which was a few inches higher than the top of the cab and more than a foot wider on each side. The DeWees car was a sedan and was occupied by the driver and several other young people. The truck, which had been proceeding slowly, had stopped on Merwin Avenue in Milford at a point about three and a quarter miles south of its intersection with Treat Boulevard, which extends in an easterly and westerly direction. Merwin Avenue was posted with a speed limit of 25 miles per hour and with a properly located stop sign at the southeast corner of the intersection. While the truck was halted, the sedan overtook it and as it slowly passed by there was some bantering talk between the occupants of the two vehicles. The DeWees car then proceeded on its way northerly toward the intersection. The truck followed. As the two vehicles continued northerly, the truck overtook the sedan, whereupon DeWees swung from the right to the left side of the road and blocked

the truck off to prevent its getting by, and then speeded up again to keep ahead of it. This occurred four times while the vehicles attained a speed of from 40 to 50 miles per hour. The last time DeWees swung his car to the left was at a point 200 feet from Treat Boulevard and when the truck was but a little over a car length behind him. DeWees drove his car as he did knowing that it was unlawful and that it would be likely to make Valentino angry. The conduct of DeWees did in fact provoke Valentino and incited him to attempt to pass. In consequence of it, the two drivers were participating in a contest of speed, with the truck close behind the car, as they came to Treat Boulevard, though DeWees had contrived to maintain his lead by the tactics recited above. At this juncture DeWees, as driver of the sedan, which was a short distance ahead of the truck, disregarded the stop sign, which he saw, and turned to his right into Treat Boulevard at high speed. The truck, also proceeding at high speed, followed the sedan around the corner, turned over and threw the boys to the roadway, causing the injuries complained of. Before the truck came to rest it collided with a sedan which was being driven westerly by Harry Dinerstein along the northerly side of Treat Boulevard. From the time the truck started until it turned over, none of the plaintiffs did anything which affected the conduct of the operator of either vehicle, and none of them apprehended the danger which was to ensue from that conduct or could have done anything effective to prevent it if he had.

The court's charge to the jury was clear and comprehensive and upon the record before us adequately covered the issues they had to determine. No exception was taken to it by the defendants, and, as we point out below, there was nothing to which the defendants were entitled under their requests which was not

sufficiently covered by the instructions given. Upon this appeal, the charge stands without modification as the law of the case. Under it, whether the defendants were guilty of negligence or reckless conduct which was the proximate cause of the accident, whether the plaintiffs were chargeable with contributory negligence, and whether they assumed the risk, were left to the jury to determine as questions of fact under the law as stated by the court. If the law of the charge is applied to the facts which we have recited, supplemented by further minor supporting facts which the jury could properly have found, it is clear that their verdict was warranted by the evidence and that the ruling on the motion was correct. Upon the record, aside from the court's refusal of the defendants' requests to charge and its restriction upon their argument to the jury which we consider below, this is decisive of the appeal. However, in view of the scope of the arguments of counsel, we do refer briefly to certain legal principles which have been thus brought under discussion.

In so far as the defense of contributory negligence is concerned, since a cause of action for reckless as well as for negligent conduct of the defendants was in issue and the jury's verdict was general, any error concerned solely with that defense, a defense which would not be valid against the former cause of action, cannot avail the defendants upon this appeal. *Ziman* v. *Whitley,* 110 Conn. 108, 116, 147 A. 370; *Ross* v. *Koenig,* 129 Conn. 403, 405, 28 A. 2d 875; *Heslin* v. *Malone,* 116 Conn. 471, 475, 165 A. 594. In so far as the defense of assumption of risk is concerned, a plaintiff's comprehension of the peril to which he is exposed and his continuing thereafter of his own volition to subject himself to that peril are both essential elements. *Dean* v. *Hershowitz,* 119 Conn. 398, 412, 177 A. 262. In this case

the jury could have and apparently did find these essentials lacking. As the court properly charged the jury, there was no evidence to support the defense of "joint venture." The defendants' principal claim under their first defense, a general denial, was that because of Valentino's supervening negligence the jury was unwarranted in finding that the conduct of the defendant driver was a proximate cause of the plaintiffs' injuries. The futility of this claim as tested by the record is evident under our decisions. *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 651, 2 A. 2d 220; *Johnson* v. *Shattuck,* 125 Conn. 60, 64, 3 A. 2d 229; *Burbee* v. *McFarland,* 114 Conn. 56, 60, 157 A. 538; *Roden* v. *Connecticut Co.,* 113 Conn. 408, 413, 155 A. 721.

The evidence warranted the jury in finding, as suggested above, facts which established a sequence of improper conduct by the two drivers, that on the part of DeWees serving to incite and encourage the misconduct of Valentino. This afforded a basis of liability within the following principle: "For harm resulting to a third person from the tortious conduct of another, a person is liable if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." Restatement, 4 Torts, § 876. "If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act." Id., comment on clause (b); *Daingerfield* v. *Thompson,* 33 Gratt. (74 Va.) 136, 151; *Hilmes* v. *Stroebel,* 59 Wis. 74, 17 N. W. 539; *Brown* v. *Perkins,* 83 Mass. 89, 98; Prosser, Torts, p. 1094; 52 Am. Jur. 454, § 114. In certain specific instances we have applied these principles. *McGann* v. *Allen,* 105 Conn. 177, 185, 134 A. 810; *Fusario* v. *Cavallaro,* 108 Conn. 40, 43, 142 A. 391; *Mills* v. *Tiffany's, Inc.,* 123

Conn. 631, 644, 198 A. 185. They have been applied where the two defendants have engaged in a race. The case most nearly on all fours with the one before us, to come to our attention, is *Reader* v. *Ottis*, 147 Minn. 335, 180 N. W. 117. In that case the plaintiff was a passenger in one of two cars which were racing and was injured when it went out of control on a curve although there was no contact with the other car. Other cases, where the plaintiff injured was not a passenger in either car but was struck by one of them, and there was no contact between the cars, are: *DeCarvalho* v. *Brunner*, 223 N. Y. 284, 119 N. E. 563; *Hanrahan* v. *Cochran*, 12 App. Div. 91, 95, 42 N. Y. S. 1031; *Oppenheimer* v. *Linkous*, 159 Va. 250, 254, 165 S. E. 385; *Gay* v. *Samples*, 227 Mo. App. 771, 57 S. W. 2d 768; *Brown* v. *Thayer*, 212 Mass. 392, 397, 99 N. E. 237. In each of these cases the race came about without prearrangement. *Saisa* v. *Lilja*, 76 F. 2d 380, is a case where the race was pursuant to previous agreement.

The defendants claim that the court erred in refusing to give four of the instructions they had requested. One related to the duty to use reasonable care which rested upon Valentino as the "following" driver. The court fully defined negligence and the duty to use reasonable care with which each driver was charged. This was sufficient. The requested instruction that, had Valentino used reasonable care, "no persons would have been injured, regardless of what Hamilton De-Wees may have done," was not adapted to the issues and would have taken from the jury the consideration of DeWees' conduct in the operation of his car as related to that of the truck, which was a primary question in the case. Under the respective claims of the parties, the charge properly instructed the jury concerning their duty to consider the separate acts of both

drivers and to determine whether or not their combined conduct was a substantial factor in producing the accident. Incorporated in the paragraph requesting an instruction that "there was no race here, as referred to in the Statutes, Section 1584 [Rev. 1949, § 2410]," were a number of factual statements; this of itself warranted the court's refusal to give the instruction. The defendants do not claim that if the two vehicles were engaged in a contest of speed there would be no violation of the statute, but that upon the evidence in the case there was no such contest. In the first place, the charge must be tested by the claims of proof and not by the evidence, as the defendants seek to test it in their brief. Conn. App. Proc., p. 102, § 73. The plaintiffs claimed that the cars were engaged in a race, and the trial court submitted the issue to the jury as a question of fact. Upon the claims of proof of the parties, we cannot find error in its doing so. Nor were the defendants entitled to an instruction requested, that Valentino "cannot be deemed to have been forced or compelled by means beyond his control to speed or pass the stop sign." The issue for the jury was not, as the defendants argue in their brief, whether DeWees' conduct justified in law what Valentino did; it was whether the acts of DeWees were in fact a substantial factor in producing the reaction of Valentino, as the plaintiffs claimed. The court did not err in refusing to charge as requested.

As we have stated, the case brought by Dinerstein against the two Valentinos, in which neither DeWees was joined as a defendant, was tried together with these cases until, during the trial, the Valentinos adjusted all of the cases against them and the Dinerstein case was withdrawn. In argument, counsel for the defendants referred to the fact that, although Dinerstein had testified to the high rate of speed at which the

DeWees car had rounded the corner, he had sued neither DeWees nor his son. Upon objection by the plaintiffs, the court ruled that no reference should be made "to that" and told the jury to dismiss from their minds "any reference to what Mr. Dinerstein did or did not do instituting his action." The defendants claim that this was prejudicial error. The ruling did not restrict comment based upon anything to which Dinerstein had testified. The defendants' only claim is that it precluded their arguing to the jury that Dinerstein's conduct in failing to sue DeWees and son was so inconsistent with his testimony as to negligent operation of the DeWees car that it seriously impugned his testimony on that important issue. So far as appears, the defendants' counsel made no effort to elicit from Dinerstein when he was on the stand why he had not sued DeWees and son as defendants. For aught that appears, they may have paid him for a covenant not to sue. To have permitted the argument excluded would have enabled the defendants to claim, as an inference, not only what was not supported by evidence but what, though counsel had had the opportunity, he had elected not to develop in evidence. From the bare fact that Dinerstein did not sue the DeWees', an inference that he did not regard their conduct as negligent would be under the circumstances too remote and unsubstantial to be the basis for finding prejudicial error. *Byrant* v. *Scribner,* 134 Conn. 678, 680, 60 A. 2d 174; *Lukovils* v. *Palmer,* 126 Conn. 320, 324, 10 A. 2d 761; *Madison* v. *Guilford,* 85 Conn. 55, 66, 81 A. 1046.

There is no error.

In this opinion the other judges concurred.