[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (DOCKET ENTRY NO. 126) AND APPORTIONMENT DEFENDANT'S MOTION TO STRIKE (DOCKET ENTRY NO. 123)
According to the complaint, this lawsuit arises out of an altercation between two high school students. On or about January 20, 1998, the plaintiff, Joseph Calore, was taking an exam at Stratford High School. One of the defendants, high school teacher Willie Gallop, was supervising the students taking the exam. The plaintiffs allege that Gallop allowed a television set tuned to the Jerry Springer Show to remain on during the exam. A dispute about the show arose between the plaintiff and another student, Alex Zeilik. Zeilik, either acting alone or in concert with a third student, struck and punched Joseph Calore in the side of the head.
David Calore, Joseph Calore's father, brought this action as parent and next best friend of his son. The defendants are the Town of Stratford, the Stratford Board of Education, Raymond O'Connell, Superintendent of Schools, Gregg Doonan, principal of the high school, and Willie Gallop. The complaint contains four counts. In the first count, the plaintiffs allege that all the defendants were negligent in failing to maintain a safe learning environment and in supervising the classroom and surrounding areas. In the second count, the plaintiffs allege that O'Connell, Doonan and Gallop's conduct in leaving the students unattended was grossly careless, reckless and wanton. In the third count, the plaintiffs allege that the conduct of all the defendants involved an unreasonable risk of causing emotional distress to Joseph Calore. In the fourth count, the plaintiffs allege that the town of Stratford is required to indemnify the board, O'Connell, Doonan and Gallop for their liability to the plaintiffs.
On March 2, 1999, the defendants filed a two-count apportionment CT Page 153 complaint pursuant to General Statutes § 52-102b. In the first count, the defendants alleged that because Zeilik assaulted Joseph Calore, he might be liable for all or a proportionate share of the damages suffered by the plaintiffs. In the second count, the defendants alleged that because Jason Mierzejewski, another student at Stratford High School encouraged Zeilik to assault Joseph Calore, Mierzejewski might be liable for all or a proportionate share of the damages suffered by the plaintiffs.
On September 2, 1999, Mierzejewski filed a motion to strike count two of the apportionment complaint. Mierzejewski asserted that count two was legally insufficient because there is no cause of action for encouraging one person to assault another and because the defendants sought apportionment pursuant to § 52-102b but failed to allege any claims of negligence on the part of Mierzejewski. On September 20, 1999, the court, Melville, J., granted Mierzejewski's motion to strike.
On September 28, 1999, Zeilik filed a motion to strike count one of the apportionment complaint. Zeilik asserted that count one was legally insufficient because, pursuant to § 52-102b, liability cannot be apportioned between negligent and intentional tortfeasors. On October 18, 1999, the court, Skolnick, J., granted Zeilik's motion to strike, noting that Public Acts 1999, No. 99-69 does not allow apportionment as between a negligent defendant and defendant against whom an intentional tort is claimed."
On November 2, 1999, the defendants filed an amended apportionment complaint. In count one, the defendants allege that Alex Zeilik negligently and unintentionally injured Joseph Calore. In count two, the defendants allege that Mierzejewski negligently encouraged Zeilik to assault Joseph Calore. The defendants again state that they seek apportionment of liability against Zeilik and Mierzejewski pursuant to § 52-102b. On May 4, 2000, the plaintiffs moved to strike both counts of the amended apportionment complaint, and on May 10, 2000, Mierzejewski moved to strike count two of the amended apportionment complaint. The defendants filed a memorandum in opposition to both motions to strike. The court heard oral argument on the motions on October 2, 2000.
The purpose of the motion to strike is to contest the legal insufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). A motion to strike is properly granted if the CT Page 154 complaint alleges mere conclusions of law that are unsupported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210 215, 618 A.2d 25 (1992).
In their motions, the plaintiffs and Mierzejewski assert that the amended apportionment complaint should be stricken on the ground that the defendants are again improperly attempting to apportion liability between negligent and intentional tortfeasors pursuant to § 52-102b and that such apportionment is prohibited pursuant to Public Acts 1999, No. 99-69 (P.A. 99-69). In addition Mierzejewski moves to strike count two on the ground that there is no cause of action for negligently encouraging one person to assault another. The plaintiffs and Mierzejewski concede that, in the amended apportionment complaint, the defendants now allege that Zeilik and Mierzejewski's conduct was negligent. They contend, however, that the defendants' reclassification of this conduct is insufficient because, in their complaint, the plaintiffs allege that Zeilik and Mierzejewski acted intentionally. The defendants oppose the motion to strike on the ground chat the plaintiffs' characterization of Zeilik and Mierzejewski's conduct as intentional is irrelevant and that the defendants' characterization of the conduct as negligent is sufficient to survive a motion to strike.
General Statutes § 52-102b (a) provides in pertinent part:
 "A defendant in any civil action to which section 52-572h
applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability. . . ."
And Section 52-102b (f) provides: "the exclusive means by which a defendant may add a person who is or may be liable pursuant to section52-572h for a proportionate share of the plaintiff's damages as a party to the action." General Statutes § 52-572h applies only to negligence actions. Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782,610 A.2d 1277 (1994).[1] Thus, the term "a `civil action to which section 52-572h applies within the meaning of § 52-102b, means a civil action based on negligence." Allard v. Liberty Oil Equipment Co.,253 Conn. 787, 793-95. In 1999, the legislature expressly limited the circumstances in which negligence can be apportioned. General Statutes52-572h (o), as amended by P.A. 99-69, § 1(o), provides in pertinent part:
"Except as provided in subsection (b) of this CT Page 155 section,[2] there shall be no apportionment of liability or damages between parties liable for negligence and parties liable on any basis other than negligence including, but not limited to, intentional wanton or reckless misconduct, strict liability or liability pursuant to any cause of action created by statute. . . ."
The issues raised by this case are whether a defendant can apportion its liability for negligent conduct to an intentional tortfeasor by characterizing the tortfeasor's conduct as negligent and whether the defendants are attempting to do so here. As to the first issue, the Connecticut Supreme Court addressed a closely related question in Allardv. Liberty Oil Equipment Co., supra, 253 Conn. 787. In that case, the plaintiff brought his truck into a service station for servicing and fell while descending a ladder on his truck. He brought a negligence action against the owner of the service area and the owner filed an apportionment complaint against the company that allegedly designed, manufactured, distributed or sold the truck. In the apportionment complaint, the defendant stated that the plaintiff alleged that his injuries were the result of the defendant's negligence and that if the plaintiff had been so injured, those injuries were caused by the negligence and carelessness of the truck manufacturer. The manufacturer filed a motion to strike the apportionment complaint on the ground that, despite the defendant's attempts to characterize the manufacturer's conduct as negligent, it was actually alleging a cause of action for products liability, and not a negligence action. The trial court granted the motion to strike, rendered judgment for the manufacturer and the defendant appealed.
In its appeal, the defendant argued that the trial court improperly struck the apportionment complaint because the defendant limited its apportionment allegations against the manufacturer to claims of negligence and it was simply seeking to apportion its liability based on the manufacturer's negligence. The Connecticut Supreme Court disagreed and explained that in P.A. 99-69, § 1(o), the legislature amended §52-572h and "reaffirmed that . . . only negligent persons may be cited in as apportionment defendants pursuant to the statute . . . [and] made clear its intent that apportionment principles would not apply where the basis of liability of the purported apportionment defendant was based on conduct other than negligence, including but not limited to intentional, wanton or reckless misconduct, strict liability and liability pursuant to any cause of action created by statute." Allard v. Liberty Oil EquipmentCo., supra, 253 Conn. 803. The court noted that products liability is a form of strict liability and that "it would be inconsistent with the provisions of § 52-572h as amended by P.A. 99-69, § 1(o), to CT Page 156 permit a defendant sued in negligence to claim apportionment against a product seller whose alleged misconduct tracks that of product liability, solely because the party seeking apportionment chooses to limit its allegations to those sounding in negligence." Id., 804. The defendant, the court stated, cannot "convert its apportionment claim against [the manufacturer] into something other than a product liability claim simply by alleging only negligent misconduct." Id., 800. Accordingly, the court affirmed the trial court's ruling striking the apportionment complaint. It is apparent from this ruling that a defendant cannot use § 52-102b
to apportion liability to an intentional tortfeasor simply by recharacterizing the tortfeasor's conduct as negligent.
The next issue is whether the defendants are attempting to do so here, or whether their apportionment complaint is based on sufficient factual allegations of negligence on the part of Zeilik and Mierzejewski. "In this state, an actionable assault and battery may be one committed willfully or voluntarily, and therefore intentionally, or one done under circumstances showing a reckless disregard of consequences; it may also be one committed negligently." (Internal quotation marks omitted.) Markeyv. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985). "It is axiomatic, in the tort lexicon, that intentional conduct and negligent conduct, although differing only by a matter of degree . . . are separate and mutually exclusive. The distinction between intentional and unintentional invasions draws a bright line of separation among shadings of almost infinitely varied human experiences" (Citations omitted; internal quotation marks omitted.) American National Fire Ins. Co. v. Schuss,221 Conn. 768, 775-76, 607 A.2d 418 (p. 992). Accordingly, the same conduct cannot "reasonably be determined to have been both intentionally and negligently tortious." Id., 777. In count one of the complaint, the plaintiffs allege that Zeilik and Joseph Calore were involved in a disagreement, Zeilik may have been drinking alcohol and became agitated and Joseph Calore was struck by Zeilik. In count one of the apportionment complaint, after noting that the plaintiffs claim Zeilik assaulted Joseph Calore, the defendants allege that Zeilik negligently and unintentionally injured Joseph Calore. Neither the plaintiffs nor the defendants include any specific factual allegations in their pleadings from which it can be determined whether Zeilik's conduct was negligent or intentional. Thus, although the defendants are not merely attempting to recharacterize intentional conduct by Zeilik as negligent, they fail to include sufficient factual allegations in the apportionment complaint to support their conclusory allegation that Zeilik acted negligently in assaulting Joseph Calore. Therefore, count one of the defendants' amended apportionment complaint is legally insufficient and fails to state a cause of action upon which apportionment relief can be granted.
In count one of the complaint, the plaintiffs allege that Joseph Calore CT Page 157 was struck by Zeilik "acting alone or in concert with another student. . . ." In count two of the apportionment complaint after noting that the plaintiffs claim that Mierzejewski acted in concert with Zeilik, the defendants assert that Mierzejewski negligently encouraged Zeilik to assault Joseph Calore. Neither the plaintiffs nor the defendants include specific factual allegations in their pleadings from which it can be determined whether Mierzejewski's conduct was negligent or intentional. Generally, civil liability for an assault and battery is not limited to the direct perpetrator of the act charged, but also extends to any person who by any means encourages or incites that act or aids and abets it. 6 Am.Jur.2d, Assault and Battery, § 128 (1963). Umeugo v. Czajkowski, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 54919 (May 7, 1999, Thompson, J.) (24 Conn.L.Rptr. 429, 431) In a few limited circumstances, Connecticut courts have recognized a cause of action against one person for encouraging the tortious conduct of another. This principle, as expressed in 4 Restatement (Second), Torts § 876 (1979), states that a person may be liable for "harm resulting to a third person from the tortious conduct of another . . . if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. . . ." (Internal Quotation marks omitted.) Connecticut NationalBank v. Giacomi, 242 Conn. 17, 63 n. 42, 699 A.2d 101 (1997); see alsoCarney v. Dewees, 136 Conn. 256, 262, 70 A.2d 142 (1949).
In Connecticut cases, the tort of aiding and abetting is often used interchangeably with the principles outlined in § 876 of 4 Restatement (Second), Torts. To sustain a cause of action for aiding and abetting, the pleading party must plead and prove the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of the overall illegal or tortious conduct at the time that he provides assistance; and (3) the defendant must knowingly and substantially assist the Principal violation. Brunette v. Bristol SavingsBank, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 453957 (August 22, 1994, Berger, J.); see also Finkv. Magner, 988 F. Sup. 70, 72 (D. Conn. 1997). A civil action of aiding and abetting cannot stand alone and depends upon the existence of a valid underlying cause or action. Fink v. Magner, supra, 72.
In this case, count two of the apportionment complaint is cased on the defendants' allegations that Mierzejewski negligently encouraged Zeilik to assault Joseph Calore. As explained above, the defendants fail to allege sufficient facts in the apportionment complaint to support their allegation that Zeilik negligently assaulted Joseph Calore or that Mierzejewski aided and abetted him in so doing. On this basis, count two does not contain sufficient facts to support a cause of action for CT Page 158 negligent encouragement.
Additionally, count two is also legally insufficient because a cause of action for aiding and abetting is not a cause of action based on negligence and thus cannot provide the basis for a claim of apportionment. In order to satisfy the second element of this cause of action the party asserting the claim is required. to plead and prove the other party knew or at least was generally aware of his participation in the wrongful activity. Palmieri v. Lee, Superior Court, judicial district of New Haven at New Haven, Docket No. 405641 (November 24, 1999, Levin,J.); see also Dudrow v. Ernst Young, LLP, Superior Court, judicial district of Waterbury, Docket No. 144211 (November 4, 1998, Hodgson, J.) (23 Conn.L.Rptr. 225, 229); Jacobs v. Putnam Trust Co. of Greenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 143807 (September 23, 1997, Mintz, J.). The alternative pleading of "knew or should have known" would allow a common law claim for aiding and abetting to be maintained if the defendants were negligent in not knowing the conduct of the other party constituted a breach of its duties. Dudrowv. Ernst Young, LLP, supra, 23 Conn.L.Rptr. 229. The Restatement does not authorize liability on that basis. Id. Therefore, count one of the defendants' amended apportionment complaint is legally insufficient and fails to state a cause of action upon which apportionment relief can be granted
 CONCLUSION
The defendants have failed to allege sufficient facts to support their claim that Zeilik negligently assaulted Joseph Calore and that Mierzejewski negligently encouraged him to do so. The defendants have, therefore, failed to allege causes of action upon which apportionment relief can be granted. Accordingly, the Mierzejewski's and the plaintiffs' motions to strike the amended apportionment complaint are hereby granted.
MELVILLE, J.