THE FERRIE CONSTRUCTION COMPANY *vs*. O. W. BEARD.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 16th, reargued October 20th—decided November 4th, 1931.

*Charles S. Hamilton,* for the appellant (defendant).

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought an action upon the common counts to recover sums claimed to be due it arising out of an agreement with the defendant to do excavating of dirt and rock in connection with a contract the defendant had with the city of Shelton to build a sewer. The defendant filed a counterclaim based in part upon a claim that he furnished certain labor and materials necessary for the excavation of the rock which the plaintiff had neglected to furnish and in part upon a claim for damages resulting from the plaintiff's breach of its contract by ceasing the performance of the work. The case was referred to a state referee who found that the defendant was not entitled to recover upon his coun-

terclaim but that the plaintiff was entitled to several items of damages. The appeal is from a decision of the trial court holding insufficient the defendant's remonstrance to the referee's report.

The defendant does not now press his claim that the plaintiff broke its contract by ceasing performance of the work. His right to recover for the labor he claimed to have furnished depends upon the terms of the contract between the parties. This the referee finds consisted of a written quotation of prices for the work, submitted by the plaintiff and accepted by the defendant, together with an oral agreement as to the way the work was to be done, under which contract the labor for which the defendant claimed recovery was labor he was himself required to furnish. The defendant contends that the writing could not be thus supplemented by the oral agreement under the parol evidence rule. The writing was in the form of a letter signed by the plaintiff, as follows: "We are pleased to quote you the following prices for the following work to be done on the Long Hill Sewer Job, Shelton, Conn.: Excavation of Sewer Trench @ 35¢ per yd. Excavating approximately 1700 yds. of Rock Excavation at $5.00 per yd. Trusting that the above prices will meet with your approval, we are, Very truly yours." The acceptance signed by the defendant was as follows: "You are hereby authorized to perform the above mentioned work at the above mentioned prices." The terms of the letter and acceptance are not such as to preclude the referee from reasonably reaching the conclusion upon all the circumstances of the case that the parties did not intend to make them the repository of their final understanding but that they served only to determine the prices to be paid for work done in a manner fixed by their oral agreement. *Cohn* v. *Dunn*, 111 Conn. 342, 345, 149 Atl.

851; *State Finance Corporation* v. *Ballestrini,* 111 Conn. 544, 547, 150 Atl. 70. The defendant established no right of recovery under his counterclaim.

He admits that he owes the plaintiff certain of the items which the referee has found due it. None of the others which are attacked in the reasons of appeal lack reasonable support in the evidence brought before us. As to the most substantial item, rent of a compressor used by the defendant, the finding of the referee that it was used from September 17th to October 29th, 1928, did not mean a continuous use, as appears from the fact that he only allowed rental for nineteen days, a period of time amply supported by the evidence; and while the plaintiff's own evidence shows that the sum allowed for each day included gasoline to be furnished by it, it does not appear that this was not furnished, and the circumstances of this particular case justified the referee in disregarding the other deductions claimed by the defendant, the cost of an operator, of sharpening of the drills, and of furnishing oil.

There is no error.

In this opinion the other judges concurred.