THE UNITED LUMBER AND SUPPLY COMPANY *vs.*
JOSEPH VICIDOMINO ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 3d—decided March 29th, 1932.

*John G. Confrey,* with whom, on the brief, was
*Abraham Zweigbaum,* for the appellant (defendant
Bennett).

*Arthur Klein,* with whom was *Frederick M. Mc-
Carthy,* for the appellee (plaintiff).

BANKS, J. The defendant Vicidomino, by his two
notes dated June 24th, 1927, promised to pay to the
order of the defendant Bennett $1000 on each note
two months after date. Bennett endorsed the notes
to the plaintiff for value before maturity. The plain-
tiff, on August 24th, 1927, demanded payment of the
notes from Vicidomino, who did not pay them, and,
on August 25th, 1927, gave due notice of such demand
and refusal to the defendant Bennett. The notes have
not been paid and the only question upon this appeal

arises under a third defense filed by Bennett in which it is alleged that on April 1st, 1930, the plaintiff agreed to assign and deliver the notes to James E. and Hannah Bennett for a valuable consideration, but has wrongfully refused to deliver them. The plaintiff filed a reply in which it denied the allegations of this defense, and also an amended reply in which it alleged that the issues raised by this defense were determined in a previous action between the same parties, and that the judgment in that action was res adjudicata as to such issues. The record does not contain any pleading addressed to this amended reply.

The court found that on April 2d, 1931, the plaintiff, the defendant Bennett, his wife, Hannah, Frederick M. McCarthy and Thomas S. Coleman entered into a contract that these notes be assigned to Bennett's wife together with certain other choses in action, provided Bennett and his wife pay to the plaintiff, if the estate of the defendant Vicidomino was not insolvent, the sum of $2000, and release the plaintiff, McCarthy and Coleman of all claims to date. The court further found that this contract was not performed by Bennett and his wife, and that the plaintiff was not therefore obliged to and did not assign the notes in suit.

It is apparent from the record that the parties were at issue upon the plaintiff's denial of the allegations of the third defense. The defendant contends that, even so, there are no subordinate facts in the finding which would support the court's conclusions that the plaintiff was not obligated to assign the notes and is the holder of the same for value. In this he is in error, for the court specifically finds that Bennett and his wife did not perform their obligations under the contract, the performance of which was a prerequisite to the assignment of the notes by the plaintiff. This

finding is not attacked, and is decisive of the case. It is unnecessary to consider the defendant's claim that since there was, at the time of the trial of this action, an appeal pending from the judgment in the prior action, it was not a final judgment upon which a plea of res adjudicata could be based.

There is no error.

In this opinion the other judges concurred.