PATRICK J. LAWLOR *vs.* THE CONNECTICUT COMPANY.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued June 2d—decided July 10th, 1936.

*Edward L. Reynolds,* with whom was *George J. Grady,* for the appellant (plaintiff).

*Edwin H. Hall,* with whom, on the brief, was *Walter A. Mulvihill,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff brought this action to recover damages which he claimed to have suffered when thrown to the floor of a trolley car of the defendant as he was changing his seat in it, when it came to a sudden stop in the effort to avoid a collision with an automobile upon the track.   The plaintiff claimed to have proved that the driver of the automobile had been trying for some minutes to park it at the side of the street, and that the motorman should have seen it on the track in time, in the exercise of proper care, to have brought the car to a stop with no more than the usual jarring due to the stopping of street railway cars.   The defendant, on the other hand, claimed to have proven that when the front of the trolley car was about fifteen feet from the rear of the automobile, the latter was driven out from the curb where it was parked, without warning, in front of the trolley car, thus confronting the motorman with a sudden emergency.   Verdict was rendered for the defendant and from the judgment upon that verdict the plaintiff has appealed, claiming errors in the failure to charge the jury as regards certain matters and to comply with certain requests to charge, and also in the charge as given.

The matters as to which no requests to charge were made are within that class of cases where a failure to give specific instructions upon special features of the situation as to which no such requests are made does not constitute reversible error.   *Bullard* v. *de Cordova,* 119 Conn. 262, 267, 175 Atl. 673.   The plaintiff filed a request to charge, covering almost a page and a half of the printed record, dealing with the application of the rule concerning care required in the face of a sudden emergency.   A reading of this might reasonably lead the trial court, as it evidently did, to the conclusion that the plaintiff was seeking a charge that the existence of an emergency was merely one of the circum-

stances to be considered in determining whether proper care had been exercised by the defendant's motorman, and that in determining whether such care was exercised the jury should consider whether the motorman ought to have reasonably anticipated the sudden turning of the automobile upon the track. The trial court did charge the jury to this effect, although commendably stating the matter more briefly than it was contained in the request to charge.

It is true that buried in the middle of this long request was a statement as to the duty of the motorman if the jury found that the existence of the emergency arose without fault on his part. We cannot say that the trial court committed reversible error in not culling out this statement from a request which in its length and complexity was in violation of our rules; *Petrillo* v. *Kolbay*, 116 Conn. 389, 392, 165 Atl. 346; or in not specifically charging the jury, as the plaintiff now claims it should, that the doctrine of care in the face of an emergency would not apply if that emergency was created by the negligence of the motorman in not anticipating and guarding against the possibility of the automobile coming suddenly upon the track. Moreover, in view of the fact that the trial court did not give to the defendant the benefit of "the more lenient and liberal rule as to due care, which is applicable only in the case of one confronted by a sudden emergency" (*Gross* v. *Boston, W. & N. Y. St. Ry. Co.*, 117 Conn. 589, 597, 169 Atl. 613), the plaintiff could hardly have been harmed by the omission of the court to state the exception to it.

The plaintiff contends that the court did not in terms instruct the jury that the motorman should have exercised the care which a reasonably prudent motorman would have used; but the instructions were such that the jury could not have understood otherwise

than that this was the test to be applied; and the plaintiff's requests to charge fell far short of making it plain that they desired a specific charge in accordance with their present claim. While the defendant made no claim of contributory negligence on the part of the plaintiff, the fact that the trial court submitted that issue to the jury as a question of fact is not ground for reversible error, particularly in view of its charge to the jury that the plaintiff had a right to change his seat as he was doing when the car came to a stop. *Kilday* v. *Voltz*, 117 Conn. 170, 173, 166 Atl. 754. The charge of the trial court that any negligence on the part of the driver of the automobile would not excuse the defendant if the motorman was negligent, but the jury might consider the acts of the driver in determining whether or not the motorman was negligent under the circumstances of the case, was correct in law and adequate for the guidance of the jury as regards any negligence in the operation of the automobile.

There is no error.

In this opinion the other judges concurred.