PETER MAVRIDES *vs.* WILLIAM C. LYON ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 4th—decided July 1st, 1937.

*David M. Reilly* and *Frank W. Flood,* for the appellant (plaintiff).

*Charles A. Watrous,* with whom was *John B. Grant,* for the appellees (defendants).

AVERY, J. The plaintiff brought this action to recover damages for injuries claimed to have been received while crossing Congress Avenue in New Haven near Hill Street on November 28th, 1935, at about 7 p. m. He claimed that he was struck by an automobile owned by the defendant Walter Lyon and operated by his agent, William C. Lyon, in an easterly direction on Congress Avenue, and that his injuries were due to the negligent operation of the automobile by the driver thereof. The case was tried to a jury and a verdict returned in favor of the defendants, from which the plaintiff has appealed, assigning errors in the instructions of the court to the jury; his claim in general being that the instructions were inadequate, unduly favorable to the defendants, and in certain particulars erroneous.

We test the charge by the claims of proof of the parties as set forth in the finding. The plaintiff, among other things, claimed to have proved the following facts: Congress Avenue, in New Haven, runs east and west; is forty-two feet four inches wide from curb to curb; is intersected on its south side by Hill Street, and on its north side, somewhat west of Hill Street,

by Temple Street. A double set of trolley tracks runs through the center, the rails occupying fifteen feet and one-half inch of its width. The pavement between the rails is bituminous macadam, and north and south of the rails it is of brick construction. At the time in question, it was raining. The plaintiff had been walking on the south side in a westerly direction, and, on arriving at a point where the easterly sidewalk of Hill Street meets the southerly sidewalk of Congress Avenue, he turned to his right, stepped down from the southerly curbline of Congress Avenue, and proceeded to cross on the crosswalk in a general northerly direction. As he started to cross, he looked to his left in a westerly direction and observed an automobile approaching traveling easterly. There was no other moving traffic in the vicinity. The automobile was then about two hundred feet west of the crosswalk and was not, at the time, moving fast. It was traveling on the most southerly trolley rails. The plaintiff proceeded and had reached a point more than half way across, when he was hit by defendant's automobile, thrown down and injured. The defendant driver did not apply his brakes until about the time the plaintiff was struck, and gave no signal of his approach; his speed at the time of the impact was about twenty-five miles an hour. Although it was raining, the visibility was good and the plaintiff was clearly visible as he crossed the street. The headlights of defendants' automobile were lighted and it was equipped with a windshield wiper which was operating at the time. The plaintiff first observed the automobile two hundred feet away; it was not traveling fast and had slowed down, the operator hesitating and undetermined as to whether to turn to his left into Temple Street or continue east on Congress Avenue. He finally decided to continue east and, unknown to the

plaintiff, the speed of the automobile was increased and continued to increase until the plaintiff was struck. Just west of Hill Street, the operator of the automobile had changed gears from second speed to high.

The claims of the defendants differed from those of the plaintiff slightly, the claims being that the plaintiff did not cross at the Hill Street crosswalk but stepped out from between parked cars and started to cross at a point east of the walk; that the plaintiff was dressed in dark clothing and the visibility at the time was only fair; that the speed of defendants' car at the time of the collision was twenty miles an hour; that the driver first saw the plaintiff about ten feet ahead of the automobile, and while the plaintiff placed the point of the collision to the left of the center line of the highway, the defendants placed it at about the middle of the eastbound trolley tracks.

The claims of the parties in this case present a typical instance of a pedestrian crossing a street at night at or near a crosswalk and being struck while crossing by a passing automobile; and the question before the jury was whether there was negligence upon the part of the driver of the car and contributory negligence on the part of the plaintiff. So far as the record shows, no requests for instructions to the jury were filed by either party. It follows that if the charge of the court was adequate for the guidance of the jury upon the issues presented, error cannot be predicated by the appellant upon the failure of the court to instruct upon some particular phase of the case upon which no request for instructions was made. *Giddings* v. *Honan,* 114 Conn. 473, 475, 159 Atl. 271; *Hedberg* v. *Cooley,* 115 Conn. 352, 355, 161 Atl. 665; *Corrievau* v. *Associated Realty Co.,* 122 Conn. 253, 257, 188 Atl.

436; *Parker* v. *Hartford,* 122 Conn. 500, 505, 190 Atl. 866.

There are eleven assignments of error, the first eight of which may be characterized as too general. Our rules (Practice Book, § 362) provide that all assignments of error shall be specific. In respect to the first eight assignments of error in this case, it is sufficient to refer to the first, which states that the court erred in failing to give the jury such instructions as were correct in law, adapted to the issues, and sufficient for the guidance of the jury in passing upon the issues before them. Such an assignment is insufficient under the rule referred to. *Sizer* v. *Waterbury,* 113 Conn. 145, 159, 154 Atl. 639.

In one of these assignments of error, it is claimed that the court failed to adequately instruct the jury concerning General Statutes, § 1581, subdivision (a), which provides: "No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions, or so as to endanger the property or life or limb of any person." The trial court quoted the statute as follows: "No person shall operate any motor vehicle upon any public highway of the state so as to endanger the property or life or limb of any person," omitting the portion referring to reckless driving. There was no allegation in the complaint of reckless driving upon the part of the defendant nor was there any claim in the evidence of such conduct. The court consequently properly made no reference thereto in its instructions.

The remaining assignments of error cover certain remarks made by the court upon the subject of contributory negligence and certain statements made in discussing the evidence. The trial court instructed the

jury at length upon the question of contributory negligence. In the course of its instruction, it stated: "If you find that the plaintiff suddenly stepped out from between parked cars and started to cross Congress Avenue in the path of the defendant's oncoming car at a time when the car was not sufficiently far away to permit the plaintiff, in the reasonable use of his senses, to suppose that he had time to cross without danger, your verdict should be for the defendant." The appellant's objection to the part quoted is that nothing was said by the court concerning plaintiff's claim that he did not step out from between parked cars but in fact was crossing at a crosswalk. As we have said, no requests to charge appear in the record and in other parts of the charge the trial court adequately stated the principles of law which would control if the appellant's claims were found by the jury to be correct.

The appellant complains of another part of the charge upon the subject of contributory negligence, where the court said: "In speaking about the care which the plaintiff had to exercise, you must bear in mind that the plaintiff's duty to exercise reasonable care required him to avoid dangers known to him and to discover dangers or conditions of danger to which he might become exposed, and in the performance of that duty to be watchful of his surroundings and of the way in which he was going." In this case, the appellant has taken only a part of the instructions of the court upon that subject. The trial court inadvertently transposed the phrase "required him" which should have been placed after the word "duty." What the trial court doubtless intended to say was that the "plaintiff's duty required him to exercise reasonable care to avoid dangers," etc., instead of which the court said that the "plaintiff's duty to exercise reasonable care required him to avoid dangers," etc. However, in the

lengthy discussion of the trial court on the subject of contributory negligence, which followed closely what was said in *Hizam* v. *Blackman,* 103 Conn. 547, 552, 131 Atl. 415, the court emphasized to the jury that the duty of the plaintiff was to exercise the care and caution of a reasonably prudent person under the circumstances. Considering the charge as a whole, we do not think that the jury, from the isolated quotation, could have been misled or drawn the inference that the plaintiff was under the absolute duty to avoid dangers known to him and to discover dangers or conditions of danger to which he might become exposed.

The claim of the appellant that the court's discussion of the evidence was error is without merit. Under our practice, it is the right of the trial court to discuss the evidence and comment thereon, and the court emphasized in its discussion that the jury were not bound to accept its view of the evidence and concluded by telling them that it was their duty to determine the facts. The remarks of the court did not exceed the bounds of proper comment. *Woodward* v. *Waterbury,* 113 Conn. 457, 464, 155 Atl. 825; *State* v. *Searles,* 113 Conn. 247, 258, 155 Atl. 213. On the whole, the instructions of the trial court were adequate to guide the jury to a proper determination of the issues presented.

There is no error.

In this opinion the other judges concurred.