ADA V. COY *v.* TOWN OF MILFORD.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Submitted on briefs February 8—decided April 4, 1940.

*Ephraim Edward Sinn* and *Louis Feinmark,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

AVERY, J.  The plaintiff brought this action to recover damages for injuries which she claimed to have sustained by reason of a fall on a sidewalk in the town of Milford on the afternoon of January 6, 1938.  The case was tried to the jury and a verdict returned in favor of the defendant, from which the plaintiff has appealed.  The errors claimed upon the appeal relate to the charge of the court to the jury.

On the trial, the plaintiff claimed to have proved these facts: High Street, in Milford, in the vicinity where the plaintiff fell, slopes toward the south.  At the point where the fall occurred, the sidewalk slopes in from the edges, the central part being one and five-eighths inches lower than the outer edges.  There is a patch in the walk in which were small round pebbles, the tops of which protruded slightly above the surface.  The surface of the sidewalk where the plaintiff fell was at that time and for a long time had been covered with trampled down snow and ice and was uneven, slippery, defective and especially dangerous because of the protuberant stones, which were covered with snow and ice.  On December 28, 1937, there was a snowfall of one and four-tenths inches; on December 31, 1937, there was another snowfall of one and four-tenths inches, which continued until the day following, January 1, 1938, when a fall of one inch of snow occurred early in the morning and thereafter a light misty rain fell intermittently during the day mixed with sleet some of the time.  On January 2d, the ice on the surface increased as the freezing rain continued to fall until early in the morning.  Light dry snow fell thereafter, covering the ice and making it slippery for traveling, the storm ending at 7 a.m., January 2d.  There was no further precipitation up to the time of the plaintiff's fall

on January 6th. The snow and ice had not been removed when the plaintiff fell nor had sand or ashes been placed on it. While walking on the sidewalk in the exercise of due care on the afternoon of January 6th, the plaintiff fell and was injured, as she claimed, because of the defective condition of the walk. The defendant claimed to have proved that before the plaintiff was injured the snow and ice had been removed from the sidewalk and it was safe for public travel, and that no stones protruded above the surface except small pebbles which were in the tar mixture that constituted the surface and had become slightly elevated by use of the walk by pedestrians.

The plaintiff on this appeal contends that there was error in the charge because it was confined to abstract principles of law, and because it failed to state the principle of law applicable to the concurrence of a natural cause with a structural defect. After the jury had returned with a defendant's verdict the court directed it to retire and consider the case further, and error is claimed in the remarks of the court to the jury in so doing; and after the jury had returned with its original verdict, and while the court was addressing additional remarks to it preparatory to returning it for further consideration, a juror inquired whether testimony of any of the witnesses was available to the jury at that time. The judge then stated to the juryman that he would prefer not to have to go through the necessity of asking the official stenographer to locate her notes and stated, "Our system is such that it is better to have your recollection govern." The plaintiff now characterizes this colloquy as a summary denial of a juror's request for testimony and assigns it as error. We will discuss these contentions in order.

The contention that the charge was erroneous because it was confined to abstract principles of law and

did not particularly point out certain phases of the case suggested by the evidence is raised in the first six assignments of error. In its instructions to the jury the trial court, at considerable length and quoting from the cases, informed the jury of the duty resting upon municipalities in respect to the care of snow and ice upon sidewalks, and specifically directed the attention of the jury to the particular situation involved in the instant suit, stating, among other things that the condition in which a particular walk must be kept depends obviously upon the amount of travel upon it, and that what was required of the defendant was the exercise of such efforts and employment of such measures directed to that end that its streets and sidewalks be maintained in a reasonably safe condition, all the circumstances of the situation being considered. The circumstances to be taken into account in determining what reasonably should be done are many and involve as elements in the decision the location, the character of the use of the walk, the practicability and efficiency of possible immediate measures, the size of the problem facing the municipality in an existing emergency, and the expenditure involved in dealing with the problem. The court further informed the jury that in determining whether the defendant had employed reasonable efforts to maintain the sidewalk in a reasonably safe condition the jury should consider all the facts produced on the witness stand and from the exhibits, such as the character and condition of the walk, the cause or causes which created the condition, if it was dangerous, the weather conditions prevailing at the time and for a period before the accident was claimed to have occurred, the ease or the difficulty as it appeared from the evidence of keeping the particular walk free of snow and ice, the location and extent of use made of it, the period of time it had remained in

the condition in which it was at the time the plaintiff claimed to have fallen, and the opportunities and abilities of the defendant after notice of its condition to remedy the same, considering in this connection whether the condition of the walk at the time was due to some specific local cause or to conditions of weather and climate prevailing generally throughout the city and affecting in the same way all of the highways, streets and sidewalks thereof. The plaintiff claims that the court should have referred more specifically to the time which had elapsed since the last fall of snow, should have called the jury's attention to the probative value of certain photographs introduced in evidence and should have called their attention to certain evidence introduced by the defendant that one of its employees had cleaned the walk prior to the accident. The plaintiff claimed that this was an admission of actual notice to the defendant of the condition of the sidewalk and the court should have so stated to the jury.

There were no requests to charge submitted by the plaintiff in this case. The failure to give specific instructions upon special features of the case as to which the court was not requested to charge is not reversible error, provided the charge as a whole was adequate for the information of the jury as to the principles of law requisite for a proper determination of the case. *Bullard* v. *de Cordova,* 119 Conn. 262, 267, 175 Atl. 673; *Lawlor* v. *Connecticut Co.,* 121 Conn. 511, 512, 186 Atl. 491; *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 181, 4 Atl. (2d) 646. It is to be further observed that an assignment of error stating that a charge is too general or too abstract does not comply with our rules. *Mavarides* v. *Lyon,* 123 Conn. 173, 177, 193 Atl. 605.

The contention that the charge was defective be-

cause it did not state the law applicable to the concurrence of a natural cause with a structural defect is not supported either by the allegations of the complaint or by the claims of proof. The complaint did not allege a structural defect as such nor in the claims of proof is a structural defect established. The case, both on the complaint and claims of proof, was presented simply as a snow and ice case and the charge was based upon the case as presented.

When the jury returned with a defendant's verdict in the first instance, the judge remarked to them at considerable length, stating, among other things, that he considered the verdict should have been a plaintiff's verdict but that they might retire and consider the case further and if they brought in a defendant's verdict he would accept it. The right of the court to comment to the jury upon the evidence in the case and to express its opinion thereon is well recognized in this state. *State* v. *Searles,* 113 Conn. 247, 256, 155 Atl. 213. In such a commentary, however, it is the better practice that the court confine its remarks to discussion of the evidence. To go further and advise the jury what verdict the judge thinks they should return exceeds the limits of legitimate comment and approaches the point of directing the verdict. In the instant case, however, the plaintiff cannot successfully claim to have been harmed by the court's action because throughout the entire discussion the trial judge made it plain beyond peradventure that he considered that the verdict which the jury had returned in the first instance was for the wrong party and that he had expected them to return a verdict in favor of the plaintiff. Notwithstanding the exhortation of the court, which amounted almost to a command, the jury returned the second time with a defendant's verdict. The plaintiff is in no position to

claim injury from the excess of zeal on her behalf exercised by the trial court.

It remains to consider the inquiry by one of the jurymen in respect to the availability of the testimony. It does not appear from the record that any particular part of the testimony was desired by the juryman; in fact, it cannot be said that he asked for any of the testimony. It should also be noted that this was not a formal inquiry by the jury such as is sometimes made, but the casual question of an individual juror. As far as appears, the inquiry went no further than an attempt to find out whether the testimony would be available in case the juryman desired to ask for any of it. The answer of the trial judge can hardly be taken as a refusal of a request of a juryman to have a particular part of the evidence read. We have stated the practice in such a situation, "This entire matter of causing the stenographer's notes to be so read, and of submitting copies of the whole or portions of them to the jury, must rest, to a great extent, in the discretion of the trial judge. Whether there is reasonable ground for the jury's request for the evidence; whether the transcript made contains matter which ought not to be submitted to the jury, or is of doubtful accuracy; whether certain parts of the testimony can be read or copies of it submitted, without too great inconvenience or loss of time in the trial of the case, and in such a manner as will, with fairness to all parties, furnish the desired information to the jury,—are questions for the determination of the trial judge." *State* v. *Rubaka*, 82 Conn. 59, 68, 72 Atl. 566. Upon the record before us, we cannot say that reversible error is shown in the colloquy between the juryman and the judge.

There is no error.

In this opinion the other judges concurred.