GEORGE ZATKIN *v.* THE WATERBURY WRECKING COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 6—decided July 15, 1941.

*David R. Lessler,* for the appellant (plaintiff).

*DeLancey Pelgrift,* for the appellee (defendant).

JENNINGS, J. The greater part of the plaintiff's brief and the emphasis of his oral argument is directed to the action of the trial court in refusing to set aside the verdict. The case is here for the second time and the general situation is described in detail in the former opinion. *Zatkin* v. *Katz*, 126 Conn. 445, 11 Atl. (2d) 843. In that case a verdict against Katz was not appealed but the action of the trial court in setting aside a verdict in favor of his co-defendant, the Waterbury Wrecking Company, was sustained. In this action the plaintiff again sought recovery against the company. Similar evidence was offered and because of the full statement of the claims of proof in the former opinion, it may be summarized as follows, considered in its aspect most favorable to the defendant: The company voluntarily assisted in so loading the truck of Katz with iron girders that they projected beyond the sides of the cab and of the truck in front and overhung the rear. When the company loaded the truck, it knew that it was to be operated in this condition on the highway and it was so operated by Katz. While the plaintiff was operating his car on his extreme right side of the highway, Katz negligently raked the left side of the plaintiff's car with the left front of the girders, causing injury. Although the factual situation is unusual, the questions of proximate cause, negligence and nuisance were for the jury. The insistent attempt of the plaintiff to establish an absolute nuisance as a matter of law, based on the physical facts, is without merit. The action of the trial court in refusing to set aside the verdict was correct.

In his appeal from the judgment, the plaintiff assigns error as to the finding and charge. The finding, except as noted below in discussing the charge,

does not materially differ from the finding made after the previous trial. There was evidence in support of both of the defendant's claims of proof to which the plaintiff objects. Seven of the remaining assignments are directed to the charge as delivered. None of them comply with the rule that "All assignments of error shall be specific and . . . in substantial accordance with Form No. 647, 648 or 650." Practice Book, § 362. The applicable requirement as to Form No. 647 (C) reads as follows: *"Where the charge is divided into numbered paragraphs and error is claimed as to an entire paragraph, it should be assigned as follows:* In charging the jury as appears in paragraph 61 of the charge. *If the error claimed is as to only a portion of a charge it should be assigned as follows:* In charging the jury as follows, being a portion of paragraph 61 of the charge." The charge in this case covered twenty-three printed pages of the record and consisted of sixty-eight numbered paragraphs. While this court has had some assistance from the plaintiff's brief, neither the trial court in reviewing its finding after the assignments of error were filed nor the defendant in preparing its brief was obliged to search through this extensive charge and determine, at its peril, what point the plaintiff was attempting to raise by these general and argumentative assignments of error. *O'Neil* v. *Larkin-Carey Co.,* 106 Conn. 153, 157, 137 Atl. 721; Conn. App. Proc., § 101. For this reason we are under no duty to examine these assignments of error. However, we have reviewed them so far as necessary to determine whether or not substantial injustice was done to the plaintiff. As has already been pointed out, the questions of proximate cause and the effect of intervening negligence by Katz were issues of fact and were properly submitted to the

jury for determination. Reading the charge as to burden of proof as a whole, no material prejudice to the plaintiff appears. The affirmative defense was in the nature of an alternative pleading in answer to the plaintiff's claim and was not so inconsistent with the denials in the answer as to make it improper. *Hoard* v. *Sears Roebuck & Co., Inc.,* 122 Conn. 185, 191, 188 Atl. 269. As such it did not constitute an admission of negligence by the defendant.

The remaining assignments relate to failure to charge as therein specified. A charge that contributory negligence was no defense to an absolute nuisance was not required because there is no finding that the defendant claimed that the plaintiff was contributorily negligent.

The finding in this case differs from that made on the former trial in that it includes a portion of the defendant's argument to the jury in which it pointed out that it was merely doing Katz a favor in helping him to load his truck. Basing his claim on this fact the plaintiff urges that the court should have charged the jury that it made no difference as to liability whether the defendant was acting as a volunteer or was carrying out a contractual obligation, and that, in the absence of such a charge, it should have set the verdict aside for improper argument. There was nothing in the argument complained of requiring that the verdict be set aside. The court did not specifically charge as requested but did tell the jury repeatedly that if the company loaded the truck negligently or so as to create a nuisance it was liable for any injuries of which its loading was the proximate cause, even if Katz was also negligent in operating the truck. These instructions were sufficient for the guidance of the jury in the absence of any specific request to charge

on this point. *Lawlor* v. *Connecticut Co.*, 121 Conn. 511, 512, 186 Atl. 491.

There is no error.

In this opinion the other judges concurred.