WILLIAM J. O'KEEFE *v.* W. E. BASSETT.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 6—decided April 4, 1946.

*Charles G. Albom,* with whom, on the brief, was *Nelson Harris,* for the appellant (plaintiff).

*Morris Tyler,* with whom was *Richard H. Bowerman,* for the appellee (defendant).

MALTBIE, C. J. The plaintiff brought this action to recover commissions he claimed to be due him based upon work done by the defendant in his factory for certain companies, and in particular for the Stevens Arms Company. From a judgment for the defendant the plaintiff has appealed. The draft finding filed by him did not contain any statement of the claims of law made to the trial court, nor does the court's finding. We are not bound to consider any questions not raised on the trial, and do not do so except in unusual circumstances. Practice Book, § 363; Conn. App. Proc., § 44. In the absence of a statement of such claims, the record presents nothing which requires consideration. The trial court should not, however, have made a finding based upon a draft finding which lacked so essential a part, but should have given the plaintiff an opportunity to remedy the defect. Conn. App. Proc., § 71. Under the circumstances, we have decided to consider the essential issues involved in the decision, in order to determine whether injustice has been done to the plaintiff. See *Zatkin* v. *Waterbury Wrecking Co.,* 128 Conn. 280, 282, 21 Atl. (2d) 924; *Buck* v. *Robinson,* 128 Conn. 376, 378, 23 Atl. (2d) 157.

The controlling facts found by the trial court present this situation: The defendant in 1941 and 1942 was operating a shop for making small tools and the like. The plaintiff approached him with the claim that he could secure business for the defendant's factory, particularly from the Stevens Company. On November

26, 1941, an oral agreement was made that he would secure orders from that company, would supervise them as regards delivery and problems connected with rejection of goods, and in general would handle the account, and that in consideration of these services the defendant would pay him a commission of 10 per cent. On the same day the plaintiff dictated and the defendant wrote on the typewriter and signed a memorandum as follows: "This to confirm our agreement to pay you 10% of all work received and produced for the Stevens Arms Co. (Division of Savage Arms). It is understood that this agreement shall last for the duration of this rearmament program. It is further understood that the above mentioned 10% shall be paid you within five days of receipt of said account by us." The plaintiff failed to perform this part of the agreement. The defendant did, however, pay him commissions for work received from the Stevens Company based on orders received prior to July 10, 1942. About August, 1942, the defendant offered to terminate the agreement and the plaintiff assented. Thereafter, he neither secured nor attempted to secure any orders for the defendant. One of the conclusions of the trial court was that the agreement was mutually terminated in August, 1942.

The findings as to the making of the oral agreement and the execution of the written memorandum are not open to attack. The plaintiff claims, however, that the execution of the written contract precludes proof of the oral agreement under the parol evidence rule. The memorandum itself indicates that it did not represent the complete agreement of the parties. It contained no statement of any obligation of the plaintiff to perform any services in return for the amount to be paid to him. On its face, no matter what were the circumstances under which the defendant received

orders from the Stevens Co., if, indeed, any came to him without any effort on the part of the plaintiff, the latter would be entitled to receive the 10 per cent stated in the writing. The trial court might well have concluded that it was not reasonable to believe that the plaintiff assumed no obligation in the matter. That he did make certain promises in effect appears in his complaint, where he alleges, as a basis of recovery, that he "performed all of the conditions upon his part to be performed in connection with said agreement to pay 10%." What the obligations were which the plaintiff assumed could be determined only by resort to evidence as to an oral agreement made by the parties. Considering the tenor of the writing in the light of the surrounding circumstances, the court could well conclude that the parties did not intend it to be the final and complete repository of the terms upon which they had agreed; *Cohn* v. *Dunn*, 111 Conn. 342, 347, 149 Atl. 851; *Hydro-Centrifugals, Inc.* v. *Crawford Laundry Co.*, 110 Conn. 49, 52, 147 Atl. 31; *Ferrie Construction Co.* v. *Beard*, 113 Conn. 734, 736, 156 Atl. 801; *Cone* v. *Pedersen*, 131 Conn. 374, 378, 40 Atl. (2d) 274; and that it was no more than an incomplete memorandum of the oral agreement previously made and so would not preclude proof of that agreement. *Friedman & Co.* v. *Newman*, 255 N. Y. 340, 343, 174 N. E. 703; 9 Wigmore, Evidence (3d Ed.), § 2429; 2 Jones, Evidence (4th Ed.), p. 840. The trial court was not in error in giving effect to the oral agreement.

The finding that the plaintiff failed to perform his obligations under the agreement is supported by the evidence. The plaintiff claims that the court erred in finding that he assented to its termination and in concluding that it was mutually terminated. How-

ever that may be, the fact that the defendant signified to the plaintiff that the contract was canceled is not disputed by the latter. The agreement of the plaintiff to render certain services and of the defendant to pay a commission upon the orders received were dependent conditions; *Lunde* v. *Minch,* 105 Conn. 657, 659, 136•Atl. 552; *United Lumber & Supply Co.* v. *Vicidomino,* 114 Conn. 620, 159 Atl. 574; and the failure of the former to perform his obligations entitled the latter to regard the contract as discharged and to put an end to it. *Rockwell* v. *New Departure Mfg. Co.,* 102 Conn. 255, 291, 128 Atl. 302; Restatement, 2 Contracts, § 397, and Conn. Annot.; 5 Williston, Contracts (Rev. Ed.) p. 4106. The decision of the trial court that upon the facts the plaintiff was not entitled to recover was correct.

It only remains to consider a claim that the trial court erred in denying a motion of the plaintiff, made before the trial, to inspect and make copies of certain books of the defendant. Practice Book, §§ 76, 77. The plaintiff does not contend that he was not paid a proper commission on all orders received by the defendant from the Stevens Company before the termination of the contract; and in view of this termination the facts afford no basis for a claim for commissions on orders subsequently received. The reliance by the plaintiff upon an express contract as the basis of the defendant's liability precludes proof of a right to recover upon an implied contract based on services alleged to have been rendered at the request of the defendant in securing the orders. *Collins* v. *Lewis,* 111 Conn. 299, 304, 149 Atl. 668. Even if the trial court erred in denying the motion, the record discloses no harm to the plaintiff caused thereby.

There is no error.

In this opinion, JENNINGS, ELLS, and DICKENSON, Js., Concurred.

BROWN, J. (concurring). I concur in the result, but rest my decision upon the ground that there is nothing in the record to show that the questions which are discussed in the opinion were raised on the trial.