UGO S. VERNACCHIA *v.* MARY A. BARZDA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 4-6707-8561

Argued May 6—decided June 14, 1968

*Francis M. McDonald,* of Waterbury, for the appellant (defendant).

*John B. Sullivan,* of Waterbury, for the appellee (plaintiff).

DEARINGTON, J.  The plaintiff was engaged in the business of selling various types of floor covering under the trade name of Atlas Floor Covering.  The plaintiff has alleged that certain material was sold and installed by him at the defendant's premises as a result of an agreement with the defendant and she failed to pay for the same.  The defendant answered by denying the allegations.  Judgment was rendered in favor of the plaintiff and the defendant has appealed, claiming error in the denial of her motion to correct the finding, in certain rulings on evidence, in the court's conclusions, and in that the judgment is not supported by the conclusions and is contrary to public policy.

The following facts were found by the court. The defendant owned certain premises in Waterbury. As a result of a fire loss, she engaged John Maurutis to negotiate an adjustment with her fire insurance agent. Maurutis was also engaged by the defendant to make the repairs required by the fire loss. During the progress of the work, the defendant decided to renovate her bathroom by installing ceramic tiling and vinyl linoleum in the bathroom, hall and kitchen. She inquired of Maurutis who might do the work, and he said he knew a Mr. Lacey of the Atlas Floor Company. The company was operated by the plaintiff with his partner and Lacey was employed as a salesman. Maurutis brought Lacey to the defendant's home and the tile and linoleum work was discussed by Lacey with the defendant. Thereafter Lacey agreed to do the work for $515, and the defendant agreed to pay this amount and selected the materials to be installed. The plaintiff completed the work but has not been paid.

The court concluded that the plaintiff agreed to do the work, that the defendant agreed to pay $515 upon completion of the work, and that the plaintiff fulfilled his agreement but the defendant has not paid for the work in accordance with her agreement and is indebted to the plaintiff in the amount of $515.

The defendant moved to correct the finding by striking certain paragraphs, which motion was denied. As indicative of the merits of the defendant's motion, we need only consider the first two paragraphs sought to be stricken. The court found that the defendant decided to renovate her bathroom by installing tile and replacing the floor surface in the bathroom, hall and kitchen with linoleum. In the next paragraph the court found that the defendant asked Maurutis, a carpenter who was doing repair work and remodeling for the defendant, if he knew

anyone who did tile work. The evidence disclosed that the defendant inquired of Maurutis, "Do you know anybody that does tile work?" The witness, Maurutis, said, "I know Mr. Lacey; he does work for me." The evidence indicated that Maurutis brought Lacey to the defendant's house and introduced them. Lacey testified that he installed ceramic tiles and vinyl linoleum in the kitchen, hall and bathroom. Such evidence supports the court's finding in respect to both paragraphs sought to be stricken. The facts found in the remaining paragraphs under attack are amply supported by the evidence. The defendant was also unsuccessful in seeking to add certain paragraphs to the finding. Inasmuch as the trial court did not predicate the judgment on any of the material sought to be added, these requested additions are immaterial. *Birdsey* v. *Kosienski,* 140 Conn. 403, 409; Maltbie, Conn. App. Proc. § 19.

The defendant has further assigned error in the ruling of the court admitting certain evidence over her objection. The defendant claims that the witness Maurutis gave an opinion as to the reasonable value of the work alleged to have been performed by the plaintiff without a foundation having first been laid. In support of her contention she cites *Worden* v. *Gore-Meenan Co.,* 83 Conn. 642, 651, to the effect that it is not competent for a witness to state his opinion unless the facts upon which he bases it are either stated by him or embodied in the question. The present case, however, was not tried on the theory of an implied contract for services rendered but rather upon an express agreement to pay a sum certain. Ordinarily reliance by a plaintiff on an express contract precludes proof of a right to recover on an implied contract, under the rules of such cases as *O'Keefe* v. *Bassett,* 132 Conn. 659, 663, and *Collins* v. *Lewis,* 111 Conn. 299, 304. Thus, any evidence as to the reasonable value of the work was not mate-

rial and the claim of failure to lay a foundation requires no further consideration.

The defendant assigns further error in the court's ruling on the admission of certain testimony supported by a document which the defendant claimed was inadmissible because the document contained fictitious notations. An error claimed on a ruling on evidence should be set forth in an exhibit annexed to the assignment of errors. See Practice Book, Form 819 (B) (4). It appears that the plaintiff offered, through Lacey, a paper purporting to be a carbon copy of an original slip, which slip was dated February 5, 1965. There was evidence that this paper was prepared on the day of the trial and purported to be a copy of a bill sent to the defendant. The defendant claims that the attempted use of this document violates the public policy of the state. It is not clear from the record what public policy was claimed to have been violated. It does, however, appear that the document was first admitted in evidence as a plaintiff's exhibit. The defendant objected on the ground that it was not "properly qualified." Subsequently the court reversed its ruling and excluded the document. At this point the defendant requested that the document be marked for identification, but thereafter it was offered by the defendant as a full exhibit and was so received. Since the document was eventually offered by the defendant, it can hardly be argued by her that error was committed in receiving it. "An appellant cannot have relief where the action of the court was induced by him." Maltbie, Conn. App. Proc. § 40. Furthermore, it does not appear in the finding that the court relied to any degree on the contents of the document. This claim is without merit.

Finally, the defendant claims that the conclusions of the trial court are not supported by the subordi-

nate facts. We find the conclusions to be legally and logically consistent with the subordinate facts, and that the conclusions were not vitiated by the ruling on evidence which we have heretofore considered.

There is no error.

In this opinion WISE and KINMONTH, Js., concurred.