[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was in the business of manufacturing, among other products, steel windows and in the early 1980's entered into an oral contract with the defendant, giving it distribution rights to its products in the State of Connecticut. Ninety-nine percent of the transactions between the parties were by an outright sale from the plaintiff to the defendant. The balance of transactions were on a commission basis, the commission percent varying with type and amount of product involved.
In December of 1991 the plaintiff made a substantial sale to the defendant and on said account the sum of approximately $7500. is still due. Another sale was made in late 1992 on which account approximately $3600 is still due.
The plaintiff commenced the instant action to collect its money.
The defendant filed an answer in which it admitted that the goods had been received by it, that payment has not been made by it to the plaintiff but that it does not owe any money to the plaintiff because of an offset of other money owed by the plaintiff to the defendant for a commission. In its answer to the defendant pleaded set-off as a defense. See, Peters Production v. Dawers,182 Conn. 528.
The plaintiff moved for summary judgment solely on its complaint. Summary judgment was granted on the complaint as to liability only and the matter was then claimed for a hearing in damages.
At the hearing in damages the parties stipulated that the plaintiff, on the first and second counts, had been damaged in the total amount of $10,699.50. The plaintiff, in addition, claimed as it had in its complaint, interest. The defendant agreed that $1782 was the correct amount arithmetically but that it opposed any award of interest although agreeing that such an award was discretionary. The third count of the complaint was withdrawn.
As the burden of proof of the set-off was with the defendant, CT Page 13615Buseito v. F. Dyne Electronics Co., 177 Conn. 149, 166, it offered the following in support of its claim.
Jay Vlock, the owner of the defendant testified that about ten years ago, most all of the business between the parties were direct sales with no commission involved. In the rare occasion when a commission was involved the percent varied depending on the product and the volume but usually was in the 5% area. He said that in 1991 he had talked to Mr. Herbert Newinan's office at Yale University concerning certain window renovations at Wright Hall. He said he also talked to the master of Wright Hall. He offered into evidence as support for his claims a photo copy of a single sheet letter of transmittal (Exhibit B). This document is unsigned. It indicates that a number of other documents were attached to it when it was sent out but they were not attached to the exhibit. The exhibit is dated 1/10/92 and indicated that the attachments, referred to above, were for bids due 1/15/92.
No testimony was offered concerning Exhibit B nor were any other documents of any kind offered in explanation or support of Exhibit B or for any other purpose.
By letter dated May 18, 1992, the plaintiff informed the defendant that effective June 15, 1992, it was rescinding its verbal agency agreements with the defendant. Exhibit 1. This letter listed eight outstanding accounts in which the defendant had an interest and indicated that that interest would be protected. There was no evidence offered by the defendant that on receipt of the plaintiff's letter of May 18, 1992 (Exhibit 1) that the defendant immediately protested the absence of the Yale-Wright Hall account from that list.
Timothy Lane was an independent contractor who was employed by A G Sash Services Inc. He testified for the plaintiff. He had formerly worked for the plaintiff. He testified that on June 10, 1992 he received a telephone call from Yale requesting information concerning replacement windows. He visited Yale and discussed the matter with Mr. Robinson over a period of time. The result of the negotiations and discussions with Robinson and others resulted in the selection of Hope windows for Wright Hall. The windows were delivered to DCI Building Construction at Wright Hall and a commission paid to A G Sash Services Inc. All invoices are dated in May and June 1993. Exhibit 2-4 pages.
The three elements required to show the existence of an agency CT Page 13616 relationships are set forth in Beckenstein v. Potter Carrier,Inc., 191 Conn. 120, 133. See also, Hall v. Peacock Fixture Electric Co., 193 Conn. 290, 294. There is no question that there existed an agency relationship between the parties if they chose to use it. But through the years the parties made the choice to use that relationship on comparatively rare occasions and 99% of their business with each other was on a direct sale basis.
On the evidence presented to this court in support of the claimed set-off, it is clear that the defendant stopped his activities far short of the point that would have entitled him to a commission on a completed sale. O'Keefe v. Bassett, 132 Conn. 659,662-663. There is no evidence that the plaintiff interfered with his efforts so as to deprive him of his commission. The plaintiff paid the commission to someone else who did the work. There is no evidence before this court of any substantial contact by the defendant with the plaintiff between the mailing of January 10, 1992 (Exhibit B) and May 18, 1992 (Exhibit 1). Nor was any evidence, supportive of the claimed set-off, from the Yale people introduced. The defendant claims of set-off is not supported by the evidence and the defendant is not entitled to a set-off.
Judgment may enter for the plaintiff for $10,699.50 plus interest in the amount of $1782. for a total of $12,481.50 plus costs.
Harold M. Mulvey State Trial Referee